IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERENCE SASAKI, M.D., FED. I.D. #63325-054, | ) ) ) | CIV. NO. 1:18-cv-00270 DKW-KJM |
| Plaintiff, | ) ) ) | ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT |
| vs. | ) ) | |
| MARK S. INCH, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Before the court is pro se Plaintiff Terence Sasaki, M.D.'s letter request for a ninety day extension of time to submit an amended pleading. Mot., ECF No. 10. Plaintiff filed his original prisoner civil rights Complaint on July 9, 2018. Compl., ECF No. 1. The Court has neither screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b) nor directed service on any defendant. Plaintiff's Motion is therefore GRANTED. Plaintiff shall file an amended pleading on a court provided civil rights complaint form on or before October 29, 2018.

## I. **NOTICES**

(1)   In the present Complaint, Plaintiff raises multiple, unrelated causes of action against various defendants from several different prisons or facilities spanning several years. Under Federal Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants only if any right to relief asserted against them

arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. *Id.*; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

In filing an amended pleading, Plaintiff is advised that he should be mindful of these principles or face dismissal of one or more claims. *See Rodriguez v. Moore*, 2018 WL 3203131, at *3 (E.D. Cal. June 28, 2018).

(2)  Venue is proper in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.

§ 1391(b)(1-3). As currently pled, venue for Plaintiff's claims that allegedly arose in Ohio, Oklahoma, New Jersey, and other states appears improper in Hawaii.

(3) "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

While the "failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears plainly on its face. *Id.* at 215; *see also Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166. Plaintiff concedes in the present Complaint that several of his claims are not fully exhausted.

(4) The Court will not consider Plaintiff's material submitted on a CD-ROM as

3

a part of Plaintiff's pleadings. If there is information on this electronic file, Plaintiff shall reduce it to writing and include it in his amended pleading. To the extent that Plaintiff's CD-ROM is intended as evidence to support a motion or trial, it is premature and also will likely not be considered unless it is reduced to a paper document. The court is not a repository for the parties' evidence and the CD-ROM shall be returned to Plaintiff.

## II. **CONCLUSION**

(1) Plaintiff's Motion for an Extension of Time to File an Amended Pleading is GRANTED. Plaintiff shall file the amended pleading by October 29, 2018.

(2) Plaintiff is DIRECTED to submit any amended pleading on the court's approved prisoner civil rights complaint form. In composing the amended pleading, Plaintiff should take heed of the Court's notices.

(3) The Clerk is DIRECTED to send Plaintiff a prisoner civil rights complaint form to comply with this Order and to return Plaintiff's CD-ROM.

\\\
\\\
\\\
\\\

IT IS SO ORDERED.

DATED: July 27, 2018, at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Sasaki v. Inch, et al.*; Civil No. 18-00270 DKW-KJM; **ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**