IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TERENCE SASAKI,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK S. INCH, *et al.*,<br><br>    Defendants. | Case No. 18-cv-00270-DKW-KJM<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE**[1] |

On May 13, 2019, this Court entered an Order ("the May 13 Order") dismissing Plaintiff Terence Sasaki's Second Amended Complaint (SAC), but granting Sasaki leave to file one further amended complaint. The Court forewarned Sasaki, though, that he would receive no further opportunities to amend should his third amended complaint contain the same deficiencies as its predecessors. In the May 13 Order, the principal deficiency identified was Sasaki's failure to file a complaint containing allegations of fact or statements of claims in a short or plain fashion pursuant to Federal Rule of Civil Procedure 8(a).

On July 1, 2019, Sasaki filed a third amended complaint (TAC). The TAC is 514 pages long. That number does not include six charts and four appendices

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

attached to the TAC. A week later, Sasaki filed a motion to clarify the TAC ("the motion to clarify"). Attached to the motion to clarify appears to be a table of contents for the TAC and three additional charts. Put simply, the foregoing filings are not a short or plain allegation of the facts or statement of the claims Sasaki is attempting to bring in this case. They are not even close. Moreover, the Court cannot ignore that Sasaki's complaints, which began with a 27-page complaint, have gotten less short and less plain. As a result, the Court is compelled to dismiss the TAC due to Sasaki's failure to follow Rule 8(a) and the Court's prior orders. In addition, because Sasaki has been provided with more than enough time and opportunity to file a short and plain complaint, because the Court has provided guidance on how to do so on more than one occasion, and for the other reasons discussed below, the Court DISMISSES this case with prejudice.

## **RELEVANT LEGAL PRINCIPLES**

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court

cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In relevant part, Rule 8(a) provides that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed.R.Civ.P. 8(a)(2). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Courts have the authority to dismiss actions for failure to comply with court orders or with Rule 8(a). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61.

## **DISCUSSION**

As an initial matter, the Court notes that various background matters, such as relevant procedural events, have been set forth in the Court's prior orders. *See,*

*e.g.*, Dkt. No. 45 at 2-9.  In addition, numerous deficiencies with the complaints filed in this case have been identified in those prior orders.  *See, e.g., id.*  While the Court does not intend to repeat everything that has already been laid out, as far as the Court is concerned, none of the deficiencies identified in the Order entered on February 25, 2019 ("the February 25 Order") or the May 13 Order have been corrected by Sasaki.  For purposes of reviewing the TAC, the Court only mentions the background or deficiencies that are reasonably necessary.[2]

On July 9, 2018, this case began with Sasaki filing, among other things, a 27-page complaint.  Dkt. No. 1.  Soon thereafter, Sasaki filed a motion describing his 27-page complaint as "less than well-organized" and asking for leave to revise it.  Dkt. No. 10.  The Court granted Sasaki the foregoing leave, while also notifying him of various issues that appeared from the face of the complaint.  Dkt. No. 11.  After some time, Sasaki then filed a first amended complaint (FAC).  Dkt. No. 23.  The deficiencies with the FAC were multiple and are set forth, in detail, in the February 25 Order.  *See generally* Dkt. No. 37.  One of the deficiencies was the failure of Sasaki to do that which he had indicated was his goal–to make his complaint more organized.  Instead, as the Court described, the FAC, totaling at least 113 pages in length, turned deciphering the

---

[2]Capitalized terms not defined in this Order have the same meaning given to them in the February 25 Order.

claims into a matter of guesswork. As a result, the Court found that the FAC violated Rule 8(a). Nonetheless, the Court allowed Sasaki leave to amend in order for him to correct this and the other deficiencies identified.

On April 30, 2019, Sasaki filed the SAC. Dkt. No. 43. In the SAC, Sasaki's factual allegations and claims spread across 225 pages. Perhaps cognizant of the SAC's shortcomings, at the same time, Sasaki also filed a motion for "[a]nother [c]hance," stating that the SAC was "not as clear as it could be…because he ran out of time [and] not because he cannot (or does not want to) adequately plead [his claims] if given another chance to amend." Dkt. No. 44 at 3. In the May 13 Order, the Court dismissed the SAC for an obvious reason–it again violated Rule 8(a). *See generally* Dkt. No. 45. Nonetheless, the Court, again, allowed Sasaki leave to amend, giving him until July 1, 2019 to do so. The Court was explicit, however, that no further opportunities or complaints in "draft form" would be tolerated should Sasaki fail to comply with Rule 8(a) and the Court's orders.

On July 1, 2019, Sasaki filed the TAC. Dkt. No. 47. The TAC is 514 pages long. There are also six charts and four appendices attached to the TAC. Dkt. Nos. 47-5, 47-6. Sasaki's factual statements appear to span the course of at least 225 pages (pages 25 to 250 of the TAC). Sasaki's causes of action then

claims into a matter of guesswork. As a result, the Court found that the FAC violated Rule 8(a). Nonetheless, the Court allowed Sasaki leave to amend in order for him to correct this and the other deficiencies identified.

On April 30, 2019, Sasaki filed the SAC. Dkt. No. 43. In the SAC, Sasaki's factual allegations and claims spread across 225 pages. Perhaps cognizant of the SAC's shortcomings, at the same time, Sasaki also filed a motion for "[a]nother [c]hance," stating that the SAC was "not as clear as it could be…because he ran out of time [and] not because he cannot (or does not want to) adequately plead [his claims] if given another chance to amend." Dkt. No. 44 at 3. In the May 13 Order, the Court dismissed the SAC for an obvious reason–it again violated Rule 8(a). *See generally* Dkt. No. 45. Nonetheless, the Court, again, allowed Sasaki leave to amend, giving him until July 1, 2019 to do so. The Court was explicit, however, that no further opportunities or complaints in "draft form" would be tolerated should Sasaki fail to comply with Rule 8(a) and the Court's orders.

On July 1, 2019, Sasaki filed the TAC. Dkt. No. 47. The TAC is 514 pages long. There are also six charts and four appendices attached to the TAC. Dkt. Nos. 47-5, 47-6. Sasaki's factual statements appear to span the course of at least 225 pages (pages 25 to 250 of the TAC). Sasaki's causes of action then

cover the next 253 pages (from pages 251 to 503 of the TAC). By Sasaki's count, the number of claims reaches 54.³ In large (but not complete) part, the pages containing Sasaki's causes of action are consumed by two principal categories of claims–claims brought under the Racketeer Influenced and Corrupt Organizations Act (RICO) and claims brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Sasaki's RICO claims take up roughly 56 pages of the TAC, while his *Bivens* claims somehow spread across roughly 135 pages. These claims also appear to incorporate the charts and appendices attached to the TAC. The documents containing the 6 charts and 4 appendices are each 18 pages long and, impressively, manage to consume almost every empty space on each page.

Consistent with his past practices, after filing the TAC, Sasaki also filed a motion to "clarify" the same. *See* Dkt. No. 48. Therein, Sasaki appears to provide explanations for various choices he did or did not make in drafting the TAC. In addition, like the motion for "another chance" filed in connection with the SAC, in the motion to clarify, Sasaki again appears to comprehend that the

---

³As with prior versions of the complaint, many of these claims appear to contain a large number of sub-claims. Perhaps the most notable illustration of the number of total claims possibly asserted in the TAC is "Chart 9," which is described as a "Master List of Counts." *See* Dkt. No. 48 at 41-70. Although Chart 9 merely provides the title of each claim and the defendants each claim is asserted against, the chart manages to run to the length of 30 pages.

TAC does not comply with the Court's prior orders or Rule 8(a). Finally, attached to the motion to clarify are a 21-page table of contents for the TAC, as well as 3 further charts.

The Court has, once again, spent a considerable amount of time reviewing Sasaki's allegations and claims. Having done so, it is beyond the Court's grasp how the TAC could be used in any meaningful way to manage this litigation or to provide defendants with the notice to which they are entitled. Nor, upon examination, does Sasaki even appear to contend that the TAC is meant to be such a tool. Near the beginning of the TAC (but still on page 34), Sasaki "respectfully requests (& hereby consents) that anything beyond that which the Court feels is relevant, sufficient, & proper to support each count, such as the Appendices, be stricken (ie, striking surplusage)." In other words, the TAC is designed to be a vehicle from which the Court is meant to weed out the bad from the good on a complaint-wide scale. As the Court has explained to Sasaki before, though, the Court is not Sasaki's lawyer, and the Court will not allow him to proceed with a complaint that places the Court in such a role.[4] As such, the Court is left with an unmanageable complaint that clearly violates the letter and spirit of Rule 8(a)'s

---

[4]Sasaki's request for the Court to weed the relevant from the irrelevant is little less than what a client would ask a lawyer to do when presenting the lawyer with events that have befallen him or her before asking the lawyer if he or she has an actionable claim.

requirement for a short and plain statement of the claims. On this basis the TAC, like its predecessors, is subject to dismissal.

As far as the Court is concerned, the main question presented by the TAC is whether to dismiss this case with prejudice, and thus, without a fourth opportunity to amend. In light of all that has come before, and the factors that should be considered, the Court finds that dismissal with prejudice is appropriate.

First, this case was initiated over a year ago. All that Sasaki has produced in that time is a complaint that has grown exponentially, and which is further away from (not nearer to) complying with Rule 8(a). Further, it does not appear that a complaint in compliance with Rule 8(a) is anywhere on the horizon, given that each new version of the complaint is accompanied with an explanation as to why it needs to be clarified or corrected and Sasaki's repeated assertions that the complaint should be at least a thousand pages long–an assertion repeated again in the motion to clarify. There is, thus, no hope that this case will be expeditiously resolved absent dismissal with prejudice.

Second, Sasaki's failure to comply with prior orders in this case has at least two knock-on effects on the Court's docket: one in this case specifically and one on the docket generally. Generally, the considerable amount of time that the Court has been required to spend on this single case necessarily subtracts from the

time the Court is able to spend on other cases irrespective of merit.  Specifically in this case, Sasaki's failure to comply with the Court's prior orders prevents the Court from procedurally managing this case in any way.  Simply put, the Court cannot manage this (or any) case if a litigant repeatedly fails to comply with the Court's orders.  This is especially true where, as here, Sasaki appears to be more than aware of the continued shortcomings with his complaint.  Therefore, the need to manage the Court's docket weighs in favor of dismissal with prejudice.

Third, just as the TAC cannot be used in a meaningful way to manage this litigation, it is equally unusable as a pleading from which any of the defendants could be expected to respond.  As the Court explained in the May 13 Order, "'[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.'"  Dkt. No. 45 at 13 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).  There is simply no fair burden in requiring the defendants to digest a 514-page complaint, 9 charts, and 4 appendices in answering the allegations asserted against them.  Therefore, because the risk of prejudice to the defendants is great, this factor weighs in favor of dismissal with prejudice.

Fourth, the public policy favoring disposition of cases on the merits generally weighs against dismissal with prejudice.  *In re Phenylpropanolamine*

*(PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, when, as here, the reason a case has not been disposed on the merits is due to a party's failure to follow the orders of a court, this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id*. (quotation omitted). Therefore, at best, the Court finds this factor to be neutral.

Fifth, and finally, there is a less drastic sanction theoretically possible here–the Court could grant Sasaki a fourth opportunity to amend his complaint.[5] As the foregoing discussion should suggest, however, the Court does not consider further amendment an *available* option here. Sasaki has already been provided three opportunities to amend his complaint. In addition, in the May 13 Order, Sasaki was expressly warned that the failure to file a complaint in compliance with the Court's prior orders would result in dismissal without further leave to amend. Furthermore, the trajectory of Sasaki's complaints has only gotten further from compliance. As discussed, this case started with a 27-page complaint and has now reached 514 pages. With each new complaint, the same has gotten *at least*

---

[5]Although the Court has considered the matter, it does not believe there are any other less drastic sanctions possibly available. Put simply, this case cannot proceed without a complaint that complies with the Federal Rules of Civil Procedure.

*twice as long* as the previous iteration.⁶ In some ways, Sasaki appears to be intentionally flouting the Court's instructions. In this light, as well as Sasaki's repeated statements that the complaint should be at least a thousand pages, the Court cannot expect that any further opportunities to amend will produce anything other than a complaint that violates the most basic of pleading standards. Therefore, the Court finds that no less drastic sanctions are available, and this factor weighs in favor of dismissal with prejudice.

In summary, at least four of the five factors that the Court should consider weigh in favor of dismissal with prejudice. The Court, therefore, finds that dismissal with prejudice is appropriate under the circumstances. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits).

## **CONCLUSION**

In a case such as this one, the following statement from the Ninth Circuit Court of Appeals seems particularly apt: "Complaints that are filed in repeated and

---

⁶In the motion to clarify, Sasaki appears to suggest that, once the SAC was properly formatted to comply with the Local Rules, it became 697 pages long. *See* Dkt. No. 48 at 2. Sasaki appears to, thus, assert that the TAC is a reduction in length from the SAC, given that the TAC is only 514 pages. *See id.* Whatever the accuracy of this statement, all it shows is how great the violation of Rule 8(a) the SAC represented, not that the TAC represents some form of breakthrough in coming close to compliance.

knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Because that encapsulates precisely what this case represents, this action is DISMISSED WITH PREJUDICE. The Clerk is instructed to enter Judgment accordingly and then close this case.

IT IS SO ORDERED.

Dated: July 29, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Terence Sasaki v. Mark S. Inch, et al*; Civil No. 18-00270 DKW-KJM; **ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE**